NORRIS, WILLIAM A., Jr., Associate Judge.
The trial judge dismissed with prejudice appellants’ complaint alleging that the Board of County Commissioners of Pinellas County failed to give proper notice of a public hearing wherein the commissioners vacated a small road commonly known as Bayshore Drive in the community of Ozona. The trial judge found that the notice provisions of the general law as now contained in Chapter 336, Florida Statutes (1975), controlled over the notice provisions of a 1949 special act relating only to Pinellas County. We agree and affirm.
The special act, Chapter 26155, Laws of Florida, Sp.Acts 1949, required, among other things, that notice be published for two consecutive weeks. In 1955 the legislature enacted Chapter 29965, Laws of Florida, consisting of 169 sections, in order to clarify and codify the laws of the state relating to all public roads, state, county and city. This act was identified as the “Florida Highway Code of 1955” and now appears in part as Chapter 336, Florida Statutes (1975). Section 336.10, Florida Statutes, requires the commissioners to publish only one notice of public hearing prior to vacating a road. This was done by the Pinellas County Commission.
The trial judge was faced with apparently conflicting statutory requirements. Basic rules of statutory construction require that conflicting statutes or parts of statutes be reconciled wherever possible. When reconciliation is not possible the maxim generalia speeialibus non derogant would normally apply, thereby retaining the effectiveness of the special act notwithstanding a subsequent general act on the same subject. However, where, as in this case, the general act is an overall revision or general restatement of the law on the same subject, the special act will be presumed to have been superseded and repealed. Town of Palm Beach v. Palm Beach Local 1866, I.A.F.F., 275 So.2d 247 (Fla.1973). The legislature’s complete revision of a subject is an implied repeal of earlier acts dealing with the same subject unless the contrary intent is clearly shown. Where an act is intended to cover an entire subject of legislation it operates to repeal all former acts dealing with the same subject. Orange City Water Company v. Town of Orange City, 255 So.2d 257 (Fla.1971).
Accordingly, the ordei of the trial judge dismissing the complaint herein with prejudice is
AFFIRMED.
HOBSON, Acting C. J., and SCHEB, J., concur.