428 So.2d 283 (1983)
DADE COUNTY SCHOOL BOARD, Appellant,
v.
Bernadette INGRAHAM, a Minor, by and through Her Father and Next Friend, Bernard Ingraham, and Bernard Ingraham and Laverne Ingraham, Individually, Appellees.
No. 82-542.
District Court of Appeal of Florida, Third District.
February 8, 1983.
Rehearing Denied April 5, 1983.
*284 Frank A. Howard, Jr., Peters, Pickle, Flynn, Niemoeller, Stieglitz & Downs, Jackson L. Peters and Jeanne Heyward, Miami, for appellant.
Joe N. Unger and Robert M. Sussman, Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
NESBITT, Judge.
The issue presented by this appeal is whether the twenty-five per cent statutory limitation on attorney's fees provided in Section 768.28(8), Florida Statutes (1977) is applicable only to the uninsured gross recovery permitted under Section 768.28(5), Florida Statutes (1977).
A personal injury action on behalf of the minor child resulted in a structured settlement of $1,000,000. That amount was allowable to the plaintiff as the result of two statutes. Section 768.28(5) provides that sovereign immunity from tort liability is waived to the extent of $50,000.[1] Additionally, Section 455.06, Florida Statutes (1977) (now renumbered as Section 286.28 by Chapter 79-36, Section 5, Laws of Florida) provides that, to the extent a state agency purchases liability insurance, the defense of sovereign immunity and the statutory cap on recovery is removed.
The settlement also provided for attorney's fees of $350,000. The school board sought to limit this award by pointing to Section 768.28(8), which provides: "No attorney may charge, demand, receive, or collect, for services rendered, fees in excess of 25 percent of any judgment or settlement." The trial court held that plaintiff's counsel was bound by the twenty-five per cent limitation as to the $50,000 maximum recovery under Section 768.28, but was not bound as to the recovery under Section 455.06.
The legislature's overall revision or general restatement of an area of the law constitutes an implied repeal of earlier acts on the same topic unless a contrary intent is clearly shown. Orange City Water Co. v. Town of Orange City, 255 So.2d 257 (Fla. 1971); Zedalis v. Foster, 343 So.2d 849, 850 (Fla. 2d DCA 1976). Section 768.28, Florida Statutes (1973) was a complete overhaul of the area of sovereign immunity. Section 768.28(10), by specifically providing that laws allowing the state to purchase insurance were still in effect, evinces the legislative intent not to repeal Section 455.06. Instead, the purchase of additional insurance became part of the overall subject of Section 768.28. Since Section 768.28(8) is the only portion of the unitary concept which deals with attorney's fees, we find that its provisions govern the situation where a state agency decides to purchase supplemental and discretionary insurance.
*285 Accordingly, we reverse the trial court order and hold that the twenty-five per cent limitation on attorney's fees applies to the entire settlement amount.
Reversed and remanded.

ON SUGGESTION FOR CERTIFICATION
PER CURIAM.
We hereby certify to the Supreme Court of Florida, as provided for in Article V, Section 3(b)(4) of the Constitution of Florida, as a means of bringing this cause within the jurisdiction of the Supreme Court of Florida, that the decision of this court in this cause passes upon a question of great public importance, that is: whether the twenty-five per cent statutory limitation on attorney's fees provided in Section 768.28(8), Florida Statutes (1981) is applicable to a recovery under Section 286.28, Florida Statutes (1981).
SCHWARTZ, Chief Judge (dissenting).
I do not agree that the issue in this case is one of great public importance and therefore respectfully decline to join in the certificate to that effect.
NOTES
[1] That limit has subsequently been increased to $100,000. See Ch. 81-317, § 1, Laws of Fla.