LETTS, Chief Judge.
This appeal is from an order dismissing an action against two city employees individually because the injured plaintiff failed to allege in his complaint that he performed the statutory condition precedent requiring a written claim to be filed with the municipality pursuant to Section 768.28(6), Florida Statutes (1981). We reverse.
The plaintiff filed his complaint against the City of Oakland Park, Florida, and two of its police officers, individually, for false imprisonment and malicious prosecution. The municipality moved for the entry of a summary judgment on the ground that the plaintiff failed to comply with Section 768.-28(6), Florida Statutes (1981), which requires written notice of a claim to be given to a municipality. The trial court granted the motion because of the injured plaintiff’s noncompliance with the notice requirement.[1] Thereafter, the police officers in their individual capacity successfully had the action dismissed against them because of the same noncompliance with Section 768.28(6).
The sole issue on appeal is whether the police officers, in their individual capacity, can raise as a defense the notice requirement of Section 768.28(6). We answer in the negative because that section only requires written notice of a claim to be given to a municipality as a prerequisite to maintaining an action against the municipality and we do not find it applicable to actions against individuals. See District School Board of Lake County v. Talmadge, 381 So.2d 698 (Fla.1980); Rupp v. Bryant, 417 So.2d 658 (Fla.1982); West v. Wainright, 380 So.2d 1338 (Fla. 1st DCA 1980). Since the complaint states a cause of action against the officers, individually, it should not have been dismissed.
REVERSED AND REMANDED.
BERANEK and DELL, JJ., concur.

. The appellants did not timely appeal this order. Therefore, the City is not a party to the appeal sub judice and we leave the summary judgment undisturbed.