441 So.2d 1108 (1983)
Lawana BURKETT and Janice Maddox, Appellants,
v.
CALHOUN COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. AQ-351.
District Court of Appeal of Florida, First District.
November 8, 1983.
Paul D. Srygley, Tallahassee, for appellants.
John M. Fite of Barron, Redding, Boggs, Hughes, Fite, Bassett & Fensom, Panama City, for appellee.
MILLS, Judge.
Burkett and Maddox appeal the trial court's order dismissing their negligence complaint against Calhoun County for failure to comply with the notice provision contained in Section 768.28(6), Florida Statutes (1981). We affirm.
On 29 May 1978, at an intersection in Calhoun County, a vehicle in which Lawana Burkett was a passenger collided with another vehicle which was being driven by Janice Maddox. Both Burkett and Maddox were injured in the accident.
They filed a complaint against Calhoun County on 26 May 1982, alleging that the County negligently maintained the right-of-way at the intersection and that its negligence was the proximate cause of their injuries. Calhoun County filed a motion to dismiss the complaint, contending that the plaintiffs did not notify the Department of Insurance of their claim within three years of the date of the accident as required by Section 768.28(6), Florida Statutes (1981). The trial court granted the motion.
*1109 Burkett and Maddox contend on appeal that the notice provision of Section 768.28(6) does not apply to their suit because Calhoun County had waived its sovereign immunity by securing liability insurance as authorized by Section 286.28, Florida Statutes (1981). We cannot agree with that contention.
Section 286.28 authorizes political subdivisions of the State to secure liability insurance, and that section goes on to provide that the sovereign immunity of those subdivisions is waived to the extent of the coverage. Section 768.28(10) evidences a legislative intent not to repeal Section 286.28. Nevertheless, Section 768.28 represents a complete overhaul of the area of sovereign immunity law in Florida. Dade County School Board v. Ingraham, 428 So.2d 283 (Fla. 3d DCA 1983). Section 768.28(1) waives sovereign immunity "only to the extent specified in this act." Therefore, we believe that it was the intent of the legislature to require compliance with the notice provision of Section 768.28(6) whether or not the political subdivision elected to carry liability insurance.
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.