445 So.2d 1099 (1984)
Jeannette MROWCZYNSKI, Appellant,
v.
Frances Sass VIZENTHAL, et al., Appellees.
No. 82-2185.
District Court of Appeal of Florida, Fourth District.
February 29, 1984.
Lawrence J. Bohannon and Daniel E. Jacobson of Lawrence J. Bohannon, P.A., Fort Lauderdale, for appellant.
Patrick Gent of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellees Broward County, Ferdinando S. Carollo and Allstate Ins. Co.
DOWNEY, Judge.
This is an appeal from a summary judgment for Broward County, one of its employees, and its insurer, in an action arising out of a motor vehicle collision.
Jeannette Mrowczynski was a passenger on a bus owned by Broward County, operated by Ferdinando S. Carollo, and insured *1100 by Allstate Insurance Company on November 22, 1977, when that bus was involved in a collision with a vehicle driven by Frances S. Vizenthal, owned by her and George Vizenthal, and insured by Government Employees Insurance Company. Immediately following the collision Carollo asked Mrowczynski to fill out a form card that provided blanks for her name, address, telephone number and asked the question: "Were you hurt?" She wrote the answer: "Knee." In response to the question: "In your opinion who was at fault?" she wrote: "Blue car."
On March 9, 1978, an adjuster working on behalf of the County and Allstate wrote Mrowczynski and asked her to fill out a witness statement form. Thereafter the adjuster interviewed her and took a recorded statement. In describing the November 22, 1977, incident in the statement, Mrowczynski said:
"As we were approaching Washington Street, there was a lady in a blue car that had gone through the stop sign and the bus driver did not have enough time to stop and there was no way that he could have avoided the accident and by the time (sic) got on top of her it was too late. The bus hit the car and all passengers were thrown in the bus."
She said she was thrown out of her seat and her knees were bruised. She had been treated by a physician; the treatment ended and she paid the physician $55.
On January 29, 1981, Mrowczynski wrote the Department of Insurance that she had a claim against the County. It does not appear that the Department ever replied to the notification of the claim. On April 29, 1981, Mrowczynski filed a complaint against Broward County, Carollo, Allstate, and the Vizenthals, and GEICO seeking damages for injuries resulting from the November 22, 1977, collision. The County group of defendants moved for a summary judgment on the ground that Mrowczynski had failed to comply with the notice requirements of Section 768.28(6), Florida Statutes (1981), and the court granted the motion and entered final judgment for the County, Carollo, and Allstate on the grounds that:
"1. Proper written notice as required under Florida Statutes § 768.28 was not given within the three years required by that Statute.
2. Further, the actions of BROWARD COUNTY and its agents alleged to constitute a waiver or to give rise to an estoppel concerning the notice requirements were insufficient, under the case law presented to this Court, to amount to a waiver or estoppel."
On appeal Mrowczynski says the summary judgment was improper because (a) she filed her suit "under" Section 286.28, Florida Statutes (1981), and she is entitled to recovery "under" that statute; and (b) she complied with the Section 768.28(6), since by filling out the card after the collision and by responding to the insurance adjuster she, in effect, gave the County notice of her claim against it; and (c) in any event she is entitled to maintain her action against Carollo, the driver of the bus. We reject all of those arguments and affirm the judgment appealed from.
Appellant contends that she has a cause of action under Section 286.28, Florida Statutes, formerly Section 455.06, which has no notice provision similar to Section 768.28(6), since Broward County purchased insurance covering the tortious acts. Appellant argues the present claim is cognizable without the necessity of making a claim in writing within three years.
Appellees respond to appellant's contention regarding the applicability of Section 286.28 in the context of McPhee v. Dade County, 362 So.2d 74 (Fla. 3d DCA 1978), which discusses the peculiarities of that statute authorizing a political subdivision to purchase liability insurance to cover its "necessary functions" and the dichotomy between governmental and proprietary functions. Without further plumbing the problems inherent in construing that statute, for purposes of the decision in this case we believe reference to the recent case of Burkett v. Calhoun County, 441 So.2d 1108 (Fla. 1st DCA 1983), fully answers *1101 appellant's arguments in point one. As Burkett points out:
Burkett and Maddox contend on appeal that the notice provision of Section 768.28(6) does not apply to their suit because Calhoun County had waived its sovereign immunity by securing liability insurance as authorized by Section 286.28, Florida Statutes (1981). We cannot agree with that contention.
Section 286.28 authorizes political subdivisions of the State to secure liability insurance, and that section goes on to provide that the sovereign immunity of those subdivisions is waived to the extent of the coverage. Section 768.28(10) evidences a legislative intent not to repeal Section 286.28. Nevertheless, Section 768.28 represents a complete overhaul of the area of sovereign immunity law in Florida. Dade County School Board v. Ingraham, 428 So.2d 283 (Fla. 3d DCA 1983). Section 768.28(1) waives sovereign immunity "only to the extent specified in this act." Therefore, we believe that it was the intent of the legislature to require compliance with the notice provision of Section 768.28(6) whether or not the political subdivision elected to carry liability insurance.
Accordingly, we hold that to maintain a tort action against the State or one of its subdivisions (other than a municipality) the notice requirements of Section 768.28(6) must be complied with regardless of whether or not the subdivision has procured liability insurance in compliance with Section 286.28, Florida Statutes (1981).
The next issue is whether there is evidence Mrowczynski did comply with the notice requirements set forth in Section 768.28(6), Florida Statutes (1981), which reads:
(6) An action shall not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing. The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted by counterclaim pursuant to s. 768.14.
In order to comply with the foregoing section, a plaintiff must, within three years after a claim accrues, submit his claim in writing to the potential defendant and, unless that potential defendant is a municipality, to the Department of Insurance. So the question here is whether Mrowczynski's responses on the card she filled out right after the collision and when she was interviewed by the adjuster constituted a claim against the County.
A claim is a demand for something due as a right. 14 C.J.S., Claim, pp. 1182-1183; Cf. Herrera v. Doctor's Hospital, 360 So.2d 1092, 1095 (Fla. 3d DCA 1978). There is no indication either in the card Mrowczynski filled out right after the collision or in the interview that she had with the insurance adjuster in March 1978 that she was making a demand on the County for something due her from the County for any injury she might have incurred in the collision. To the contrary, both the card and the interview indicated to the County that Mrowczynski felt the driver of the other vehicle was responsible for the collision and therefore would be answerable to any demand for compensation of any injury to her. We hold that Mrowczynski's responses did not constitute a claim against the County. In any event judgment for the County was correct because Mrowczynski failed to provide written notice of any claim to the Department of Insurance within three years of November 22, 1977, as required by Section 768.28(6). Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983).
*1102 Finally, appellant contends that summary judgment should not have been entered in favor of the driver Carollo because he cannot raise the notice requirement of Section 768.28(6) as a defense. She relies on Hucker v. City of Oakland Park, 427 So.2d 244 (Fla. 4th DCA 1983). Unfortunately for appellant, Hucker does not apply here. Section 768.28(9)(a), Florida Statutes (1981), provides that an employee of the state or any of its subdivisions shall not be held liable in tort unless the employee acted in bad faith or with malicious purpose or in a manner exhibiting wanton and wilful disregard of human rights, safety, or property. The complaint herein makes no such allegations regarding Carollo's conduct at the time of the incident. Thus, appellant's claim against Carollo individually cannot be maintained. Rupp v. Bryant, 417 So.2d 658 (Fla. 1982).
Having treated all of appellant's contentions, we find no reversible error and thus affirm the judgment under review.
AFFIRMED.
LETTS and DELL, JJ., concur.