450 So.2d 847 (1984)
Bernadette INGRAHAM, a Minor, by and through Her Father and Next Friend, Bernard INGRAHAM, and Bernard Ingraham and Laverne Ingraham, Individually, Petitioners,
v.
DADE COUNTY SCHOOL BOARD, Respondent.
No. 63572.
Supreme Court of Florida.
May 17, 1984.
Joe N. Unger, Miami, for petitioners.
Jeanne Heyward, Frank A. Howard, Jr., and Peters, Pickle, Flynn, Niemoeller & Downs, Miami, for respondent.
Larry Klein, West Palm Beach, for Academy of Florida Trial Lawyers, amicus curiae.
Karen A. Gievers of Anderson, Moss, Russo & Gievers, Miami, for Dade County Trial Lawyers Ass'n, amicus curiae.
ALDERMAN, Chief Justice.
We review the decision of the District Court of Appeal, Third District, in Dade County School Board v. Ingraham, 428 So.2d 283 (Fla. 3d DCA 1983), wherein the Third District certified the following question to be of great public importance:
Is the 25 percent statutory limitation on attorney's fees provided in section 768.28(8), Florida Statutes (1981), applicable to a recovery under section 286.28, Florida Statutes (1981), formerly section 455.06, Florida Statutes (1977)?
The Third District held that this limitation is applicable to the entire settlement amount. We agree and approve the Third District's decision.
Suit was brought on behalf of Bernadette Ingraham who sustained serious injuries while engaging in required curriculum in a physical education class at Miami Edison Middle School, which school is under the control and direction of the Dade County School Board. The accident which rendered *848 Bernadette a quadriplegic occurred in November 1978. The school board was self-insured to $100,000 and had purchased excess coverage from two insurance carriers in the amounts of $400,000 and $500,000. A structured settlement of $1,000,000, the total amount of the coverage, was approved by the trial court. The school board moved to limit the award of attorney's fees in accordance with section 768.28(8). The trial court held that the 25 percent limitation of section 768.28(8) is applicable only to the first $50,000 of the settlement reached between the parties and that for any portion of the settlement exceeding $50,000, the parties are free to contract concerning the percentage and payment of legal fees.
The school board appealed and the Third District, finding that section 768.28, Florida Statutes (1973), was intended by the legislature to be a complete overhaul of the area of sovereign immunity, held that the legislature intended that the 25 percent limitation on attorney's fees apply to the entire settlement amount.
Article X, section 13 of the Florida Constitution provides absolute sovereign immunity for the state and its agencies absent waiver by legislative enactment or constitutional amendment. Section 768.28, enacted in 1973, constitutes a limited waiver by legislative enactment of the state's sovereign immunity. Section 768.28(5), Florida Statutes (1977), provides:
(5) The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period prior to judgment. Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $50,000[*] or any claim or judgment, or portions thereof, which, when totaled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $100,000. However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $50,000 or $100,000, as the case may be, and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature. The limitations of liability set forth in this subsection shall apply to the state and its agencies and subdivisions whether or not the state or its agencies or subdivisions possessed sovereign immunity prior to July 1, 1974. (Footnote added. Emphasis supplied.)
At the time of this enactment, section 455.06 (now renumbered as section 286.28 by chapter 79-36, section 5, Laws of Florida) was in effect and provided that, to the extent a state agency purchases liability insurance, the defense of sovereign immunity and the statutory cap on recovery is removed. Specifically, subsection (2) of this section provides in pertinent part:
(2) In consideration of the premium at which such insurance may be written, it shall be a part of any insurance contract providing said coverage that the insurer shall not be entitled to the benefit of the defense of governmental immunity of any such political subdivisions of the state in any suit instituted against any such political subdivision as herein provided, or in any suit brought against the insurer to enforce collection under such an insurance contract; and that the immunity of said political subdivision against any liability described in subsection (1) as to which such insurance coverage has been provided, and suit in connection therewith, are waived to the extent and only to the extent of such insurance coverage ... . (Emphasis supplied.)
*849 Section 768.28 totally revised the area of sovereign immunity, but as a part of the overall revision of this area by the legislature it specifically provided that the statutory provisions permitting the state to purchase insurance based upon section 455.06 would continue in effect. Specifically, section 768.28(10) provides: "Laws allowing the state or its agencies or subdivisions to buy insurance are still in force and effect and are not restricted in any way by the terms of this act." Section 455.06 thus became a part of the overall scheme of the legislature relating to the waiver of sovereign immunity.
Subsection (8) of this overall statutory scheme relating to sovereign immunity created by the enactment of section 768.28 provides: "No attorney may charge, demand, receive, or collect, for services rendered, fees in excess of 25 percent of any judgment or settlement." The Third District correctly held that since section 768.28(8) is the only portion of this unitary concept which deals with attorney's fees, its provisions govern a situation, as in the present case, where a state agency purchases supplemental and discretionary insurance. The 25 percent limitation on attorney's fees relates to any judgment or settlement and therefore applies to all situations involving waiver of sovereign immunity regardless of the source of payment.
Furthermore, we find no merit to petitioners' contention that section 768.28(8) is unconstitutional. We hold that section 768.28(8) is constitutional and does not constitute an impairment of contractual obligations and does not amount to a legislative usurpation of the power of the judiciary to regulate the practice of law.
Accordingly, having found that the Third District correctly answered the certified question in the affirmative, we approve its decision which reversed the trial court and held that the 25 percent limitation on attorney's fees applies to the entire settlement amount.
It is so ordered.
BOYD, OVERTON, McDONALD and SHAW, JJ., concur.
EHRLICH, J., dissents with an opinion.
EHRLICH, Justice, dissenting.
The majority by imaginative but faulty logic concludes that section 455.06, now section 286.28, became "a part of the overall scheme of the legislature relating to sovereign immunity" by virtue of the fact that section 768.28(10) provides that "the laws allowing the state or its agencies or subdivisions to buy insurance are not restricted in any way by the terms of this act." (Emphasis supplied.) I conclude that the legislature by the expression "are not restricted in any way by the terms of this act" meant just that  that the restrictions of section 768.28 don't apply to section 286.28  and for good reason. The acts seek to accomplish different objectives. Section 768.28 deals with governmental funding and severely limits the governmental units' liability irrespective of the damage wrought to the injured party. If the plaintiff's judgment exceeds the statutory cap, the portion of the judgment that exceeds the cap may be paid in part or whole only by further act of the legislature. Under section 286.28, the amount of recovery is only limited by the amount of insurance purchased. It permits the governmental entity to protect the public much more fully than section 768.28. If a judgment is returned in excess of the applicable insurance limits, the court is mandated to reduce the amount of the judgment to a sum equal to the applicable limit set forth in the policy. True, the plaintiff may still present a claims bill to the legislature for such excess, but not in the form of an unsatisfied judgment.
Section 768.28 affords no protection to the officer, employee or agent of the state or its subdivision if he acted in bad faith or with malicious motive or in a manner exhibiting wanton and willful disregard of human rights, safety or proof. Section 286.28 affords insurance protection to such officer, agent or employee.
*850 Section 768.28 excludes prejudgment interest. Section 286.28 has no such restriction.
Section 768.28 specifically excludes punitive damages. Section 286.28 has no such restriction.
The statutory cap of section 768.28 has been construed by this Court to include court costs. City of Lake Worth v. Nicolas, 434 So.2d 315 (Fla. 1983); Berek v. Metropolitan Dade County, 422 So.2d 838 (Fla. 1982). There is no such limitation when there is insurance coverage.
I conclude from these differences that it was never the legislative intent to graft section 768.28 onto section 286.28.
Further, the public policy reason for capping attorney's fees in section 768.28 does not exist where the state agency has commercially insured itself. In the context of section 768.28, the public coffers have been, to a limited extent, opened to redress injury committed by state agencies. In order to limit the drain on the public funds, a cap has been set on recovery regardless of the enormity of the injury. To insure that the maximum benefit of this arbitrarily limited recovery will inure to the injured party, a cap has likewise been set on the percentage of that recovery which the plaintiff's attorney may claim as a fee.
This eminently reasonable approach under section 768.28 is totally out of place under section 286.28. Where commercial insurance is purchased, the state agency has placed itself in the same posture as any other non-sovereign entity. The public funds have already been spent to purchase insurance coverage. No further raid on the public coffers is possible. No arbitrary cap is set on the recovery. The plaintiff who claims against an insured state agency is under no maximum limitation handicap as compared to the plaintiff claiming against a private entity. There is therefore no rational basis for granting the state-injured plaintiff the benefit, as compared to the plaintiff injured by a private entity, of an artificial cap on the fees that he may contract with his attorney.
I would quash the decision of the district court and reinstate the decision of the trial court.
NOTES
[*] Section 768.28(5) was amended in 1981 to increase this amount to $100,000. Ch. 81-317, § 1, Laws of Fla.