467 So.2d 826 (1985)
Gloria Jean AVALLONE, Appellant/Cross-Appellee,
v.
BOARD OF COUNTY COMMISSIONERS OF CITRUS COUNTY, et al., Appellees/Cross-Appellants.
No. 83-691.
District Court of Appeal of Florida, Fifth District.
April 25, 1985.
Arnold R. Ginsberg of Horton, Perse & Ginsberg, and Nance, Cacciatore & Sisserson, Miami, for appellant/cross-appellee.
Jean A. Bice and Daniel A. Amat of Pattillo & McKeever, P.A., Ocala, for appellees/cross-appellants.

ON MOTION FOR CLARIFICATION OR REHEARING
ORFINGER, Judge.
We withdraw the opinion originally issued in this case and substitute the following in its place.
Plaintiff's appeal is from an adverse summary judgment in this personal injury suit. We conclude that the trial court reached the correct result, so we affirm.
Plaintiff was injured when she was pushed from a dock at a public park and swimming area owned and operated by Citrus County. The principal basis of her claim against the county was the failure of the county to provide supervisory personnel at the park despite its knowledge that children frequenting the park would roughhouse and play on the dock and push visitors *827 to the dock into the water. The trial court found that:
1. That the Board's decision whether or not to provide lifeguards or other supervisory personnel for the Blue Bird Springs facility was a discretionary, planning-level decision for which, under the doctrine of sovereign immunity, it is immune from tort liability.
2. That the Board's purchase of insurance pursuant to Fla. Stat. § 286.28 constituted a waiver of sovereign immunity to the extent of the Board's liability insurance policy limits.
The trial court then found that the plaintiff's injury was caused by an independent intervening efficient cause, so that any act or omission of the Board of County Commissioners did not constitute the proximate cause of plaintiff's injuries, and for this reason entered the summary judgment in favor of defendants. In the light of our determination that the county is immune from suit, we need not address the correctness of this determination.
The appellants do not contest the trial court's finding that the decision of the Board to provide or not provide supervisory personnel at the park was a "discretionary, planning-level decision."[1] In its cross-appeal, the Board and its insurance carrier contend that absolute immunity attaches for planning-level activities of government, and that the immunity for such planning-level activity is not altered or affected by the fact that the Board has purchased liability insurance. We are now compelled to the conclusion that the Board is correct.
In Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982) the court noted that:
[O]ur decision in Commercial Carrier [Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979)] . .. distinguished between that part of the sovereign immunity doctrine involving negligent tortious conduct waived by section 768.28, Florida Statutes (1977), and that part of the sovereign immunity doctrine identified at times as official or governmental immunity not waived by the statute. In the latter, absolute immunity attaches to "policymaking, planning, or judgmental governmental functions." 371 So.2d at 1020. The underlying premise for this immunity is that it cannot be tortious conduct for government to govern. Our decision recognized that there are areas inherent in the act of governing which cannot be subject to suit and scrutiny by judge or jury without violating the separation of powers doctrine. [Emphasis added].
Id. at 1075.
Section 286.28, Florida Statutes (1983), formerly section 455.06, provides in essence that political subdivisions of the state may purchase insurance to cover liability to persons for damages on account of bodily injury or death or property damage caused by certain designated activities of the political subdivision. If such insurance coverage exists, the insurer is not entitled to assert the defense of sovereign immunity, and such sovereign immunity is waived to the extent of such coverage. This statute was in effect prior to the adoption of section 768.28, Florida Statutes (1983), the waiver of sovereign immunity statute, and remains in effect as a part of the overall scheme of the legislature relating to the waiver of sovereign immunity. Ingraham v. Dade County School Board, 450 So.2d 847 (Fla. 1984).
However, we find nothing in section 286.28 that overcomes or alters the absolute immunity which attaches to "planning-level" activities of government. Neilson. As does section 768.28 now, before its adoption section 286.28 merely eliminated the immunity which prevented recovery for existing common law torts committed by the government. See Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985). If section 768.28 does not alter this absolute immunity, neither does section 286.28. We *828 can only read the latter statute as providing a means by which political subdivisions of the state may fund their potential liability for damage claims or may enlarge the damage cap found in section 768.28(5).
The final judgment for defendants is
AFFIRMED.
COBB, C.J., and UPCHURCH, FRANK D., J., concur.
NOTES
[1] Because that issue is not before us, we do not address the correctness of that ruling here, but we accept it as correct and begin our analysis from that point.