Mr. Jerry W. Hendry Executive Director Electrical Contractors' Licensing Board Department of Professional Regulation 130 North Monroe Street Tallahassee, Florida 32301
Dear Mr. Hendry:
This is in response to your request for my opinion on the following question:
 MAY A COUNTY, ACTING PURSUANT TO A LAW OF LOCAL APPLICATION, REQUIRE A CERTIFIED ELECTRICAL CONTRACTOR TO POST A BOND PRIOR TO PRACTICING WITHIN THAT COUNTY IF THE LOCAL LAW PREDATES STATE REGULATION OF ELECTRICAL CONTRACTORS?
Your question is answered in the negative for the following reasons.
By way of example, you have cited to Ch. 63-1396, Laws of Florida, purporting to regulate the licensing of contractors generally and electrical contractors specifically with respect to Hillsborough County. Section 5 of Ch. 63-1396, supra, as amended by Ch. 67-1477, Laws of Florida, provides in pertinent part as follows:
 Prior to obtaining a license from any jurisdiction in Hillsborough county, any . . . electrical contractor . . . shall post a bond in the sum of five thousand dollars ($5,000.00) payable to the governor and his successors in office, with a corporate surety authorized to do business in the state to be approved by the board of county commissioners of Hillsborough county and filed with the clerk of the circuit court of Hillsborough county which bond shall be the only bond required by any of such jurisdictions. The bond shall be conditioned upon such person, firm or corporation complying with the minimum requirements of the applicable municipal or county code and the class of work to be performed.
Subsequent to the enactment of this special law, the Legislature enacted Ch. 71-224, Laws of Florida, a general law creating the Florida Electrical Contractors' Licensing Board and providing for the issuance of certificates of competency to certain electrical contractors. As amended by Chs. 79-272, 81-318, and 85-290, Laws of Florida, s. 489.511, F.S., provides in pertinent part:
 (1) Any person desiring to be licensed as a certified electrical contractor shall apply to the [D]epartment [of Professional Regulation] in writing to take the certification examination.
* * *
 (3) The [Electrical Contractors' Licensing] board shall investigate the financial responsibility and credit and business reputation of the applicant, as well as the education and experience as provided in s. 489.521 of the applicant's qualifying agent. The board shall adopt rules defining financial responsibility based upon the applicant's credit history, ability to be bonded, and any history of bankruptcy or assignment of receivers. Such rules shall specify the financial responsibility grounds on which the board may refuse to qualify an applicant for certification. . . .
 (4) As a prerequisite to the issuance of a certificate, the board shall require the applicant to submit satisfactory evidence that it has obtained public liability and property damage insurance in an amount to be determined by rule by the board. . . .
* * *
 (6) When a certificateholder desires to engage in contracting in any area of the state, as a prerequisite therefor, he shall only be required to exhibit to the local building official, tax collector, or other authorized person in charge of the issuance of licenses and building or electrical permits in the area evidence of holding a current state certificate of competency, accompanied by the fee for the occupational license and permit required of other persons. (e.s.)
Cf., s. 4, Ch. 85-290, Laws of Florida, amending s. 489.511(6), effective October 1, 1985, to authorize the denial of the issuance of an electrical permit to a certified electrical contractor where such contractor is found guilty by a local construction regulation board of fraud or a willful building code violation. Thus, those electrical contractors certified by the state must have established their financial responsibility to obtain such state certificate of competency. See also, Rules 21GG-5.04 and 21GG-5.05, F.A.C. (rules of the Electrical Contractors' Licensing Board establishing financial responsibility criteria for certification).
You have directed my attention to AGO 70-48, in which this office concluded that a municipality could not require the posting of a performance bond as a prerequisite to the issuance of a permit and occupational license to a certified or registered contractor "in the absence of a special legislative act or municipal charter provision." However, that opinion predates the enactment of Ch. 71-224, Laws of Florida. In a subsequent opinion, AGO 73-27, this office concluded that the Legislature intended Ch. 71-224, Laws of Florida, to be a general revision of the whole field of regulating and examining electrical contractors who wish to engage in business statewide and therefore the provisions of Ch. 71-224, supra, prevail over those sections of special and local laws that are clearly incompatible and repugnant to those of Ch. 71-224. Thus, the opinion determined that to the extent the building trade code of Pinellas County, as authorized by special act, which purported to require all electrical contractors to take and pass a local competency examination was inconsistent with the provisions of Ch. 71-224, supra, as codified at s. 489.511(6), F.S., as amended, said code was void and of no effect.
Although Ch. 71-224, Laws of Florida, contained no express repealing clause as to inconsistent local or special laws, as this office noted in AGO 73-27, a general act may operate to repeal repugnant local or special laws where the legislative intent to repeal such laws is made plain by the terms and purposes of the general act. See, City of St. Petersburg v. Siebold, 48 So.2d 291
(Fla. 1950); American Bakeries Co. v. Haines City, 180 So. 524
(Fla. 1938). While a general act will not usually be held to impliedly repeal or modify a special or local act, such rule does not apply where the general act is a general revision of the whole subject. See, City of Miami v. Kichinko, 22 So.2d 627 (Fla. 1945); Zedalis v. Foster, 343 So.2d 849 (2 D.C.A.Fla., 1976) (where general act is overall or general restatement of law on same subject as special act, the special act will be presumed to have been superseded and repealed). Thus to the extent of any inconsistency, I am of the opinion that the provisions of Part II, Ch. 489, F.S., will prevail over a special law predating the enactment of Ch. 71-224, Laws of Florida.
Section 489.511(6), F.S., as amended, expressly states that "[w]hen a certificateholder desires to engage in contracting in any area of the state, as a prerequisite therefor, it shall only be required to exhibit . . . evidence of holding a current state certificate of competency" accompanied by the fee for the occupational license and permit. See, AGO 80-46, noting that s.489.511(6) made it clear that electrical contractors certified by the appropriate state agency need only exhibit evidence of such certificate accompanied by the proper fee for the occupational license and permit to local authorities to engage in business. Thus, for example, it would appear that s. 489.511(6) is repugnant to s. 5 of Ch. 63-1396, Laws of Florida, as amended, to the extent that the present general law provision states that a certified electrical contractor "shall only be required" to exhibit such certificate to local officials as a prerequisite to obtaining necessary licenses and permits while the special act purports to condition issuance of the pertinent license upon the execution and filing of a bond.
Moreover, it does not appear that any provision of s. 489.537, F.S., titled "Application of act," requires that s. 5 of Ch. 63-1396, Laws of Florida, as amended, be given its express effect with respect to certified electrical contractors. See, s.489.537(3), F.S., providing that the act does not limit the power of municipalities or counties to regulate the quality and inspections designed to secure compliance with and aid in enforcement of state and local building laws for the protection of public health and safety, to collect certain fees for licenses and inspections or examination fees, and to adopt a system of permits requiring submission to and approval by the municipality or county of plans and specifications of work to be performed. And see, s.489.537(6), F.S., authorizing municipalities or counties to continue to provide local examinations for electrical contractors "if a certificate has not been issued by the board." See also, s.489.537(5), F.S., reiterating that the appropriate local official shall ascertain that an applicant contractor is "certified" or "registered and duly qualified" prior to issuing building or other related permits, and providing further that "[t]he evidence shall consist only of the exhibition to him of current evidence of proper certification or registration and local qualification." (e.s.) Under the "doctrine of the last antecedent," the phrase "local qualification" would appear to modify "registration" but not "certification." See, 82 C.J.S. Statutes s. 334; Mallard v. Tele-Trip Co., 398 So.2d 969 (1 D.C.A. Fla., 1981); AGO 83-60 (relative and qualifying words and phrases are to be applied to the word or phrase immediately preceding). Accordingly, unless and until legislatively or judicially determined otherwise, I am of the opinion that a county may not require a certified electrical contractor to post a bond prior to practicing within that county pursuant to a law of local application which predates the general law which effected a legislative revision of the whole field of regulating and examining electrical contractors who wish to engage in business statewide.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General