504 So.2d 1260 (1986)
Joseph J. JOZWIAK, Appellant,
v.
Robert LEONARD, As Sheriff of Suwannee County, and Suwannee County, Florida, a Political Subdivision of the State of Florida, Appellees.
No. BG-415.
District Court of Appeal of Florida, First District.
November 13, 1986.
Michael H. Lambert, of Tanner and Lambert, Daytona Beach, for appellant.
*1261 Julius F. Parker, Jr., of Haben, Parker, Skelding, Costigan, McVoy & Labasky, Tallahassee, for appellees.
SHIVERS, Judge.
Appellee's Motion for Rehearing or in the Alternative to Correct is denied, and the opinion of this court dated September 23, 1986, is clarified to delete the words "as well" from the second paragraph. The clarified opinion is reprinted in full below.

CLARIFIED OPINION

[Original Opinion at 11 FLW 2025]
The appellant in this case, Joseph J. Jozwiak, filed a complaint on May 4, 1984 against Suwannee County, as a political subdivision of the State of Florida and against Robert Leonard, as Sheriff of Suwannee County. Specifically, the complaint alleged that Robert Leonard, while working within the course and scope of his employment as Sheriff of Suwannee County, failed to exercise reasonable judgment in requesting a warrant for the second arrest of Jozwiak for an offense for which he had already been arrested and given bond. The complaint failed to allege that Jozwiak had complied with the notice requirements of section 768.28(6), Florida Statutes.
On May 31, 1984, the trial court entered an order granting dismissal with leave to amend as to defendant Suwannee County. That dismissal is not at issue in this appeal. Subsequently, defendant Robert Leonard moved for dismissal on the basis of Jozwiak's failure to comply with the notice provisions of section 768.28(6). The trial court dismissed the cause of action against Leonard with prejudice and Jozwiak filed this appeal. We affirm the trial court's dismissal.
It is Jozwiak's position on appeal that the notice provisions of section 768.28(6) are not applicable in this case because the appellees had, during the time alleged in the complaint, an effective policy of insurance covering liability for damages arising out of claims for false arrest and false imprisonment. As support for this position, appellant relies on section 30.55, Florida Statutes, particularly subsection (2) thereof:
(1) The sheriffs of the counties are hereby authorized in their discretion to secure and provide for insurance to cover liability for damages arising out of claims for false arrests, false imprisonment, false or improper service of process, or other claims growing out of the performance of the duties of the sheriffs or their deputies, or their employees; and to pay the premiums therefor from the funds appropriated and made available for the necessary and regular expenses of the offices without the necessity of specific appropriation or specification of expenses with respect thereto.
(2) In consideration for the premiums for such insurance, it shall be the part of any insurance contract providing such coverage that the insured shall not be entitled to the benefit defense of government immunity in any suit resulting against the sheriff, his deputies or employees, or in any suit brought against the insurers to enforce collection under such contract.
We agree with appellee that compliance with the notice requirements of section 768.28(6) is required regardless of whether the appellant is covered by liability insurance. The same issue was raised in Burkett v. Calhoun County, 441 So.2d 1108 (Fla. 1st DCA 1983) with respect to liability insurance secured under section 286.28, Florida Statutes (1981). Section 286.28 is similar to section 30.55, except that it authorizes political subdivisions of the State to secure liability insurance, and provides that the sovereign immunity of those subdivisions is waived to the extent of their insurance coverage. This court held that since section 768.28 represents a "complete overhaul" of Florida's sovereign immunity law and that since section 768.28(1) waives sovereign immunity "only to the extent specified in this act," it was the Legislature's intent to require compliance with the notice provisions of subsection 6 "whether or not the political subdivision elected to *1262 carry liability insurance." 441 So.2d at 1109. See also Mrowczynski v. Vizenthal, 445 So.2d 1099 (Fla. 4th DCA 1984), which follows Burkett. Because of the similarity between sections 286.28 and 30.55, we believe the reasoning used in Burkett to be applicable to section 30.55 as well. Therefore, Jozwiak's complaint against Leonard was properly dismissed for failure to comply with the notice requirements of section 768.28(6).
We acknowledge the recent decision in Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002 (Fla. 1986), in which the supreme court reiterated the position it took earlier in Ingraham v. Dade County School Board, 450 So.2d 847 (Fla. 1984), that the terms of section 286.28 remained in force and effect and were not restricted in any way by the enactment of section 768.28. Neither Avallone nor Ingraham, however, address the issue raised in this case and in Burkett, i.e., whether the notice requirements of section 768.28(6) must be met where insurance has been procured pursuant to section 30.55 or section 286.28. For that reason, we do not interpret Avallone as conflicting with Burkett, nor do we construe Avallone to mean that notice need not be given in such instances.
Accordingly, we affirm the order of the trial court in the instant case. However, we certify the following question to the supreme court:
DOES THE SUPREME COURT'S HOLDING, IN AVALLONE V. BOARD OF COUNTY COMMISSIONERS OF CITRUS COUNTY, 493 So.2d 1002 (Fla. 1986), OPINION FILED JULY 10, 1986 [11 FLW 312], THAT THE PURCHASE OF LIABILITY INSURANCE PURSUANT TO SECTION 286.28 CONSTITUTES A WAIVER OF SOVEREIGN IMMUNITY UP TO THE LIMITS OF INSURANCE COVERAGE NEGATE THE NECESSITY OF THE PLAINTIFF TO COMPLY WITH THE NOTICE PROVISIONS OF SECTION 768.28(6) FOUND BY THIS COURT IN BURKETT V. CALHOUN COUNTY, 441 So.2d 1108 (Fla. 1st DCA 1983)?
ZEHMER and BARFIELD, JJ., concur.