478 So.2d 77 (1985)
SHANDS TEACHING HOSPITAL AND CLINICS, INC. and the Board of Regents, Appellants,
v.
Norissa M. LEE, a Minor, by and through Her Mother and Next Friend, Jeanne M. Lee, and Jeanne M. Lee, Individually, Appellees.
No. BD-38.
District Court of Appeal of Florida, First District.
October 18, 1985.
Rehearing Denied December 2, 1985.
*78 Jon L. Mills of McGalliard, Mills, deMontmollin & Smith, Gainesville, for appellants.
Craig F. Hall of Hall & Hall, Gainesville, for appellees.
ERVIN, Judge.
Shands Teaching Hospital And Clinics, Inc. (Shands) and the Board of Regents appeal from an order awarding attorney's fees pursuant to Section 768.56, Florida Statutes, authorizing an award of attorney's fees to the prevailing party in medical malpractice actions. Appellants raise several issues on appeal, only one of which merits discussion. We affirm as modified.
Subsequent to the parties entering into a final binding offer of judgment in the amount of $30,001, the trial judge awarded $11,000 in attorney's fees to appellee, the prevailing party. Appellants claim the award exceeds the maximum amount allowed under Florida's Tort Claims Act, specifically 768.28(8), limiting attorney fees to twenty-five percent of the settlement award, which in the case at bar would be no more than $7,500.
Section 768.56(1) states in part:

Except as otherwise provided by law, the court shall award a reasonable attorney's fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice....
(emphasis supplied) We agree that section 768.28(8) may limit attorney's fees awarded under section 768.56 in medical malpractice actions filed against the state or its subdivisions, cf. Ingraham v. Dade County School Board, 450 So.2d 847, 849 (Fla. 1984); however, appellants initially must demonstrate that they come within the purview of the waiver of the sovereign immunity statute, section 768.28, or, more specifically, are state agencies or "corporations primarily acting as instrumentalities or agencies of the state, counties or municipalities." (emphasis supplied) See section 768.28(2).
It is obvious that appellant Board of Regents is a state agency within the scope of section 768.28. Accordingly, attorney's fees assessed against it are subject to the twenty-five percent limitation as provided in section 768.28(8). Shands, however, is not a state agency or corporation primarily acting as an instrumentality or agency of the state. The 1979 Florida legislature amended section 241.471 (now section 240.513), Chapter 79-248, § 1, Laws of Florida, relating to the organization of J. Hillis Miller Health Center, which is comprised of several colleges and institutions, *79 including Shands Teaching Hospital. This legislation authorized the State Board of Education to lease Shands to a private non-profit corporation organized solely for the purpose of operating the hospital and ancillary health-care facilities.
The 1978 Appropriations Act, Chapter 78-401, § 1, Item 447, Laws of Florida, directed Shands, in conjunction with the Health Center, the University of Florida, and the Board of Regents, to study and develop a plan to become more self-sufficient and fiscally independent. According to a study conducted in response to the 1978 Appropriations Act, the leasing of Shands to a non-profit corporation would accomplish the purpose of giving it "local autonomy, and flexibility in responding to dynamic changes in the health care industry." (emphasis supplied) Recommendations of a Feasibility Study for a Change of Governance of Shands Teaching Hospital, A Report to the Florida Legislature, 12 (January 1979). A senate staff analysis, directed to the bill of the later amended section 241.471, states: "The bill would implement the changes in governance of Shands which were recommended by the study conducted pursuant to the Appropriations Act." Based on the foregoing legislative reports relating to section 240.513, we find that the intent of the legislature was to treat Shands as an autonomous and self-sufficient entity, one not primarily acting as an instrumentality on behalf of the state. Moreover, Shands has not brought forth in the record before us any other reasonable interpretation to rebut the clear, unambiguous reading of the statute and the corresponding committee reports.
By analogy, we find that under federal law, a federal agency is defined as "the executive departments, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States." 28 U.S.C. § 2671 (emphasis supplied). In the federal sector, "[t]here are no sharp criteria for determining whether an entity is a federal agency within the meaning of the Act, but the critical factor is the existence of federal government control over the `detailed physical performance' and `day to day operation' of that entity. United States v. Orleans, 425 U.S. 807, 814, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976)". Lewis v. United States, 680 F.2d 1239, 1240 (9th Cir.1982). The above test has also been followed by Florida courts in their construction of Florida's Tort Claims Act. See Hollis v. School Board of Leon County, 384 So.2d 661, 663 (Fla. 1st DCA 1980). Applying the relevant factors set forth above, we conclude that Shands is not a corporation primarily acting as an instrumentality of the state, as required by section 768.28(2). The plain meaning of section 240.513 reflects that Shands' day-to-day operations are not under direct state control. As noted earlier, Shands has not introduced or offered any evidence to rebut this finding, nor can we glean any other reasonable interpretation from the record before us.
We affirm the attorney's fee award as it relates to Shands, but modify the order as to the Board of Regents, finding the twenty-five percent limitation in section 768.28(8) applicable as to it.
Affirmed as modified.
WENTWORTH and ZEHMER, JJ., concur.