# CAMPUS COMMUNICATIONS, INC., etc. v SHANDS TEACHING HOSPITAL AND CLINICS, INC.

### Case No. 86-2086-CA

Eighth Judicial Circuit, Alachua County

October 22, 1986

## APPEARANCES OF COUNSEL

**Mark Hulsey, Esq.,** Jacksonville, and **Rodney D. McGalliard, Esq.,** Gainesville, for defendant.

**Florence Beth Snyder, Esq.,** Miami, and **Stephen Carta, Esq.,** Fort Myers, for plaintiff.

**Joslyn Willson, Esq.,** Tallahassee, Florida Department of Legal Affairs, as amicus curiae for plaintiff.

## OPINION OF THE COURT

STAN R. MORRIS, Circuit Judge.

This cause came on to be heard on the Motion to Dismiss of Shands Teaching Hospital & Clinics, Inc. ("Shands"). The complaint filed in this action by Campus Communications, Inc. d/b/a The Independent Florida Alligator (the "Alligator"), attempts to state causes of action against Shands pursuant to Chapter 119, Florida Statutes, commonly known as the "Public Records Law," and section 286.011, Florida Statutes, commonly known as the "Sunshine Law." For the following reasons, the motion is granted and the plaintiff's complaint is dismissed with prejudice.

In order to state a cause of action under the Sunshine Law, the Alligator must allege in good faith that Shands is a "state agency or authority" within the meaning of that law. Section 286.011(1), Florida Statutes. In order to state a cause of action under the Public Records Law, it must allege in good faith that Shands is an "agency," which includes a private entity "acting on behalf of any public agency." Section 119.011(2), Florida Statutes. As a matter of law, plaintiff cannot make these allegations.

Section 240.513, Florida Statutes, provides that the hospital facilities of the J. Hiller Miller Health Center at the University of Florida shall be leased to a "private nonprofit corporation." Section 240.513(3)(a), Florida Statutes. In the recent case of *Shands Teaching Hospital and Clinics, Inc. v. Lee*, 478 So.2d 77 (Fla. 1st D.C.A. 1985), the First District Court of Appeal interpreted the legislative history of section 240.513:

> The 1978 Appropriations Act, Chapter 78-401, § 1, Item 447, *Laws of Florida*, directed Shands, in conjunction with the Health Center, the University of Florida, and the Board of Regents, *to study and develop a plan to become more self-sufficient and fiscally independent.* According to a study conducted in response to the 1978 Appropriations Act, the leasing of Shands to a non-profit corporation would accomplish the purpose of giving it *"local autonomy, and flexibility in responding to dynamic changes in the health care industry."* (emphasis supplied) *Recommendations of a Feasibility Study for a Change of Governance of Shands Teaching Hospital*, A Report to the Florida Legislature, 12 (January 1979).
>
> *Id.* at 79 (emphasis added).

In *Lee* the court held that Shands "is not a state agency or corporation primarily acting as an instrumentality or agency of the

93

state" within the meaning of section 768.28, Florida's waiver of sovereign immunity statute. *Id.* at 78. After reviewing the foregoing legislative history, the court concluded:

> Based on the foregoing, legislative reports relating to section 240.513, we find that the intent of the legislature was to treat Shands as *an autonomous and self-sufficient entity, one not primarily acting as an instrumentality on behalf of the state.*

> *Id.* (emphasis added).

In addition, the court states: "The plain meaning of section 240.513 reflects that Shands' day-to-day operations are not under direct state control." *Id.*

The Court notes that in addition to the legislative history cited in *Lee*, the preamble to the law that became section 230.513, Chapter 79-248, Laws of Florida, makes clear Shands' independent from the state. Thus, the Legislature and the First District Court of Appeal have made clear that Shands does not act on behalf of any government agency, but rather operates as an autonomous and self-sufficient entity.

Section 240.513 and its legislative history, as authoritatively interpreted in *Lee*, are dispositive of plaintiff's claims. The Sunshine Law applies only to a "state agency or authority." Section 286.011(1), Florida Statutes. *Lee* held flatly that Shands "is not a state agency." 478 So.2d at 78. The Court concludes that as a matter of law the Alligator cannot state a cause of action against Shands under the Sunshine Law.

The Public Records Law applies only to a "unit of government" or private entity "acting on behalf of any public agency." Section 119.011(2), Florida Statutes. Clearly, Shands is not a "unit of government." Therefore, in order for Shands to be subject to the Public Records Law, it must be "acting on behalf of any public agency" within the meaning of this section. In *Lee* the First District Court of Appeal held that Shands is not a corporation "primarily acting as an instrumentality or agency of the state." 478 So.2d at 78.

Moreover, in *Byron, Harless, Schaffer, Reid and Associates, Inc. v. State ex rel. Schellenberg*, 360 So.2d 83 (Fla. 1st D.C.A. 1978), *reversed and quashed on other grounds*, 379 So.2d 633 (Fla. 1980), the First District Court of Appeal held that a private entity must be regarded as "acting on behalf of" a public agency "if the services contracted for are an integral part of the agency's chosen process for a decision on the question at hand." *Id.* at 88. Section 240.513, its legislative history as interpreted by *Lee* and the *Lee* case itself makes

94

clear that Shands does not act as part of an agency's "chosen process for a decision on the question at hand." The Court concludes that plaintiff cannot state a cause of action under the Public Records Law.

Although the complaint is otherwise well pleaded, the Court is obligated to follow *Lee* and the clear meaning of the relevant Florida statutes.

The Court having concluded that as a matter of law plaintiff cannot state a cause of action either under the Sunshine Law or the Public Records Law, accordingly it is

ORDERED and ADJUDGED:

1. Defendant's Motion to Dismiss plaintiff's complaint is GRANTED. Plaintiff's complaint is dismissed with prejudice.

2. The Court reserves jurisdiction for the purpose of considering an award of attorneys' fees.

DONE and ORDERED this 22nd day of October, 1986, in chambers, Alachua County, Florida.