DAUKSCH, Judge.
This is an appeal from a judgment voiding certain acts of a hospital district board.
In 1953 the legislature created a North Brevard County Hospital District and gave it authority to own and operate a hospital and to tax persons within its district. Chapter 28924, Laws of Florida (1953). Later the legislature gave district hospitals the authority to reorganize and act as nonprofit corporations. § 155.40, Fla.Stat. (Supp.1984). Apparently this statute was passed to help the hospitals better compete with the private hospitals; it gave the board of the hospital the authority to enter into management contracts and otherwise have “outside”, presumably more efficient, assistance in the running of the business of a hospital.
Jess Parrish Memorial Hospital, Inc., appellant, was formed as a Florida not-for-profit corporation by the directors of the hospital district pursuant to this section 155.40. Appellees sued the corporation claiming it had no authority to receive title to the property owned by the hospital district and paid for by the taxpayers of the district. The trial judge agreed with appel-lees and declared the conveyance by deed of the property of the district hospital to the corporation to be unlawful; not within the authority given by section 155.40. The judge also ruled section 155.40 unconstitutional. The substance of his judgment says:
1. That the Asset Transfer Agreement, Deed and Bill of Sale dated October 31, 1984 between Defendants, NORTH BRE-VARD COUNTY HOSPITAL DISTRICT and JESS PARRISH MEMORIAL HOSPITAL, INC. exceed the authority authorized by Chapter 155.40 Florida Statutes (1984) and are hereby declared void ab initio.
2. That the Asset Transfer Agreement dated October 31, 1984 between NORTH BREVARD COUNTY HOSPITAL DISTRICT and JESS PARRISH MEMORIAL HOSPITAL, INC. did not comply with Chapter 155.40 Florida Statutes (1984) and is hereby declared void ab initio.
3. That the Asset Transfer Agreement, Deed and Bill of Sale are void because NORTH BREVARD COUNTY HOSPITAL DISTRICT, Special Act does not authorize said transfer and the Defendant’s Special Act prevails over Chapter 155.40 Florida Statutes (1984).
4. That the Asset Transfer Agreement, Deed and Bill of Sale are void for lack of adequate consideration.
5. The Asset Transfer Agreement attached to Plaintiff City of Titusville’s Complaint and dated October 31, 1984 between NORTH BREVARD COUNTY HOSPITAL DISTRICT and JESS PARRISH MEMORIAL HOSPITAL, INC. is *24 hereby declared void ab initio and is hereby cancelled.
6. The Special Warranty Deed and bill of Sale dated October 31, 1984 between NORTH BREVARD COUNTY HOSPITAL DISTRICT and JESS PARRISH MEMORIAL HOSPITAL INC. attached to Plaintiff City of Titusville’s Complaint are hereby declared void ab initio. The Defendant, JESS PARRISH MEMORIAL HOSPITAL, INC., Is [sic] hereby ordered and directed to execute any and all documents necessary to transfer title and possession of said property to NORTH BREVARD COUNTY HOSPITAL DISTRICT within 30 days from the date of this Judgment.
7. NORTH BREVARD COUNTY HOSPITAL DISTRICT and Defendant JESS PARRISH MEMORIAL HOSPITAL, INC., are hereby ordered and directed to cooperate with one another and to execute any and all documents and instruments to transfer title, possession and operation of JESS PARRISH MEMORIAL HOSPITAL back to the NORTH BREVARD COUNTY HOSPITAL DISTRICT, within 30 days from the date of the Judgment.
******
THIS COURT HAS BASED ITS RULING ON NONCONSTITUTIONAL GROUNDS. HOWEVER, TO THE EXTENT THAT AN APPELLATE COURT MIGHT REVERSE THIS COURT’S OTHER RULINGS CONTAINED IN THIS JUDGMENT, THIS COURT FURTHER ORDERS AND ADJUDGES:
That Chapter 155.40 Florida Statutes as applied to this transaction is hereby declared unconstitutional because it unlawfully delegates legislative powers to a District Board without sufficient guidelines, it is void for vagueness, it allows the transfer of public property contrary to public policy and referendum, and it allows the use of public assets in violation of Article VII Section 10, Florida Constitution.
We agree with the trial court that the statute does not permit divestment of the title to the land by the district. Therefore, the deed doing so should be voided. We affirm the judgment insofar as it requires the transfer of the property from the corporation back to the district. We deem the act of the district in deeding the property to be a voidable act and make no ruling regarding the constitutionality of the statute, that being unnecessary at this point.
AFFIRMED.
SHARP and COWART, JJ., concur.