512 So.2d 999 (1987)
CAMPUS COMMUNICATIONS, INC., d/b/a the Independent Florida Alligator, Appellant,
v.
SHANDS TEACHING HOSPITAL AND CLINICS, INC., Appellee.
No. BQ-313.
District Court of Appeal of Florida, First District.
August 18, 1987.
Rehearing Denied September 29, 1987.
Steven Carta of Simpson, Henderson, Savage & Carta, Fort Myers, and Florence Snyder of Milledge, Iden & Snyder, Miami, for appellant.
Mark Hulsey and Joel B. Toomey of Smith & Hulsey, Jacksonville, and McGalliard, Mills, deMontmollin, Smith & Monaco, Gainesville, for appellee.
Robert A. Butterworth, Atty. Gen., Joslyn Wilson, Asst. Deputy Atty. Gen., and Gerry Hammond, Asst. Atty. Gen., Tallahassee, for State, amicus curiae.
PER CURIAM.
This cause is before us on appeal from an order dismissing with prejudice a complaint filed by appellant, a newspaper of general circulation in Alachua County. The ground for dismissal is appellant's failure to state a cause of action. We affirm.
The issue is whether the trial court erred in ruling that Shands Teaching Hospital and Clinics, Inc. (Shands) was not an agency within the meaning of Chapter 119, Florida Statutes, and concluding that appellant's complaint did not state a cause of action.
*1000 Appellant filed an action against Shands alleging violation of Section 286.011, Florida Statutes (the Sunshine Law), and Chapter 119, Florida Statutes (the Public Records Law).
Shands filed a motion to dismiss the complaint, and after a hearing the trial court entered an order dismissing the complaint with prejudice. The trial court relied heavily on Shands Teaching Hospital and Clinics, Inc. v. Lee, 478 So.2d 77, 78 (Fla. 1st DCA 1985), wherein this court held that Shands "is not a state agency or corporation primarily acting as an instrumentality or agency of the state" within the meaning of Section 768.28, Florida Statutes, Florida's Waiver of Sovereign Immunity Statute.
As stated in Section 286.011(1), Florida Statutes, the Sunshine Law applies only to a "state agency or authority." As stated in Section 119.011(2), Florida Statutes, the Public Records Law applies only to a "unit of government" or private entity "acting on behalf of any public agency." Although Lee applies to the Sovereign Immunity Statute, the rationale in Lee is applicable in this case. Accordingly, we conclude that Shands is not a state agency or authority for purposes of the Sunshine Law and that Shands is not a unit of government or private entity acting on behalf of any public agency for purposes of the Public Records Law.
Based on the foregoing, we affirm.
SMITH, C.J., and BOOTH, J., concur.
WENTWORTH, J., dissents with written opinion.
WENTWORTH, Judge, dissenting.
I would not extend the rationale of Shands Teaching Hospital and Clinics Inc. v. Lee, 478 So.2d 77 (Fla. 1st DCA 1985), to the circumstances of the present case. Lee involved a determination that Shands was not "primarily acting as an instrumentality or agency of the state" under section 768.28, Florida Statutes. The present case involves a determination as to whether Shands is "acting on behalf of any public agency" as delineated in Chapter 119, Florida Statutes, or should be considered as a "state agency or authority" under section 286.011, Florida Statutes. I would not construe these provisions as identical to that involved in Lee, and would find that the allegations of appellant's complaint were sufficient in this regard to withstand a motion to dismiss.