Mr. Rod Baker Chief Executive Officer Jess Parrish Memorial Hospital North Brevard County Hospital District 951 North Washington Avenue Titusville, Florida 32796
Dear Mr. Baker:
You ask substantially the following questions:
 1) May a hospital district, created by special act as a special tax district, adopt a policy which authorizes the payment of per diem and travel expenses at rates different from those provided in s. 112.061, F.S. (1988 Supp.)?
 2) May the hospital district contract to pay consultants at a rate different from that provided in s. 112.061, F.S. (1988 Supp.)?
 3) May the hospital district pay the travel expenses of physicians being recruited by the hospital district?
In sum, I am of the opinion that:
1) A hospital district, created by special act as a special tax district, is not authorized to adopt a policy authorizing the payment of per diem and travel expenses which varies from or conflict with the provisions of s. 112.061, F.S. (1988 Supp.).
 2) Reimbursement of travel expenses and per diem incurred by consultants to the hospital district, in the absence of a statute to the contrary, are subject to, and controlled by, the rates and limitations set forth in s. 112.061, F.S. (1988 Supp.).
 3) In the absence of a statute authorizing the district to pay the expenses of physicians recruited by the hospital for staff privileges, the district may pay such travel expenses only if such physicians qualify as officers, employees or authorized persons of the district as defined in s. 112.061, F.S. (1988 Supp.).
Question One
Section 112.061, F.S. (1988 Supp.), is the uniform travel expense law for public agencies in this state. It is the legislative intent that the travel expenses and per diem of all public officers, employees, or authorized persons whose travel expenses are paid by a public agency are subject to, and controlled by, the rates and limitations set forth in the statute, unless expressly and specifically exempted by general or special law.[1]
"Agency or public agency" is defined for purposes of the statute as:
 Any office, department, agency, division, subdivision, political subdivision, board, bureau, commission, authority, district, public body, body politic, county, city, town, village, municipality, or any other separate unit of government created pursuant to law.[2]
The North Brevard County Hospital District is a special tax district, created by special act as a body politic and corporate.[3]
The hospital district would appear to be an "agency or public agency."[4] I am not aware of any provision, however, in the district's enabling legislation which expressly and specifically exempts the district from the provisions of s.112.061, F.S. (1988 Supp.), nor do the provisions of the special act, as amended, appear to be inconsistent with the terms of s.112.061, F.S. (1988 Supp.).
Thus, the provisions of the uniform travel expense law, s.112.061, F.S. (1988 Supp.), govern the travel expenses and per diem of the district's officers, employees, and authorized persons. The district, therefore, may not enact regulations for per diem and travel expenses which vary from or conflict with the provisions of s. 112.061, F.S. (1988 Supp.).[5]
Question Two
As discussed in Question One, the North Brevard County Hospital District may not adopt regulations or policies for per diem and travel expenses which vary from the provisions of s. 112.061, F.S. (1988 Supp.), in the absence of specific statutory authorization. Under s. 112.061, F.S. (1988 Supp.), however, an agency, such as the hospital district, is authorized to reimburse the travel expenses of its officers, employees, and authorized persons, subject to the limitations and conditions specified therein.
Section 112.061, F.S. (1988 Supp.), defines "[o]fficer or public officer" and "[e]mployee or public employee" for purposes of the statute.[6] "Authorized person" is defined as:
 1. A person other than a public officer or employee as defined herein, whether elected or commissioned or not, who is authorized by an agency head to incur travel expenses in the performance of his official duties.
 2. A person who is called upon by an agency to contribute time and services as consultant or adviser.
 3. A person who is a candidate for an executive or professional position.[7]
Section 112.061, F.S. (1988 Supp.), limits the traveling expenses of all travelers, whether public officers, employees or authorized persons, to those expenses necessarily incurred in the performance of a public purpose authorized by law to be performed by the agency.[8] Moreover, the North Brevard County Hospital Board, as the "agency head or head of the agency,"[9] or its designated representative, must authorize and approve all travel to be reimbursed by the hospital district.[10]
Under the broad definition of "authorized person," a consultant performing duties on behalf of the hospital district would appear to be authorized to incur travel expenses. Such expenses, however, in the absence of a specific statute to the contrary, would be subject to, and controlled by, the rates and limitations specified in s. 112.061, F.S. (1988 Supp.).
Question Three
I am not aware of any provision within the district's enabling legislation which generally authorizes the district to pay the travel expenses of individuals being recruited by the district.[11]
Reimbursement of such expenses, therefore, would be limited to the circumstances and restrictions provided in s. 112.061, F.S. (1988 Supp.).
You state that the physicians being recruited by the hospital district are not employees or officers of the district. Moreover, a physician who is not performing services for the district but is merely being recruited to perform services, would not appear to fall within the first two categories of "[a]uthorized person."[12]
As you note in your letter, however, s. 112.061, F.S. (1988 Supp.), in defining "[a]uthorized person," includes a person who is a candidate for an executive or professional position.[13]
The term "position" is not defined in s. 112.061, F.S. (1988 Supp.), nor am I aware of any appellate judicial decision discussing the parameters of this term for purposes of this statute. The term has been defined elsewhere, however, to include employment or an office.[14]
This office has not been provided with any information regarding the respective duties and responsibilities of a physician possessing staff privileges and the hospital district. The determination of whether a physician being recruited for staff privileges constitutes a "candidate for [a] . . . professional position," would depend on the nature of such a relationship.
Moreover, such a determination would appear to involve mixed questions of law and fact which this office is not authorized to resolve.
Accordingly, I am of the opinion that in the absence of a statute authorizing the district to pay the expenses of physicians recruited by the hospital for staff privileges, the district may pay such travel expenses only if such physicians qualify as officers, employees or authorized persons of the district as defined in s. 112.061, F.S. (1988 Supp.).
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 112.061(1), F.S. (1988 Supp.).
[2] Section 112.061(2)(a), F.S. (1988 Supp.).
[3] See, Ch. 28924, Laws of Florida 1953, as amended by Chs. 57-1177, 61-1910, 63-1140, 69-870, 70-606, 72-478, 73-409, 77-503, 81-347 and 87-435, Laws of Florida. While this office is aware that the Jess Parrish Memorial Hospital, Inc., was formed as a not for profit corporation pursuant to s. 155.40, F.S., for the purpose operating the district hospital, see, Jess Parrish Memorial Hospital, Inc. v. City of Titusville, 506 So.2d 22 (5 D.C.A.Fla., 1987), your inquiry, and this office's response, is directed to the powers of the hospital district.
[4] Cf., s. 1.01(8), F.S. (1988 Supp.), stating that the words "public body," "body politic," or "political subdivision" include, among other things, special tax school districts, special road and bridge districts, bridge districts, and all other districts in this state.
[5] See, AGO 79-3, concluding that a utilities authority, created by special act for the purpose of performing a prescribed specialized function, was not authorized to enact legislative regulations for per diem or travel expenses which varied from s.112.061, F.S. Cf., AGO 78-68.
[6] See, s. 112.061(2)(c) and (d), F.S. (1988 Supp.), respectively.
[7] Section 112.061(2)(e), F.S. (1988 Supp.).
[8] Section 112.061(3)(b), F.S. (1988 Supp.).
[9] See, s. 112.061(2)(b), F.S. (1988 Supp.), defining "Agency head or head of the agency" as the "highest policymaking authority of a public agency, as herein defined."
[10] Section 112.061(3)(a), F.S. (1988 Supp.). This subsection also provides that the agency head shall not authorize or approve a request to incur travel expenses unless it is accompanied by a signed statement by the traveler's supervisor stating that such travel is on the official business of the state and also stating the purpose of such travel.
[11] This office has previously stated that special districts possess no home rule or common law powers and are limited to the exercise of those powers either expressly granted or necessarily implied from an express grant of powers. See, e.g., AGO's 79-3 and 78-68. And see, State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A.Fla., 1974), cert. dismissed,300 So.2d 900 (Fla. 1974) (if there is any doubt as to the lawful existence of a particular power being exercised, the further exercise of the power should be arrested).
[12] See, s. 112.061(2)(e)1. and 2., F.S. (1988 Supp.):
 1. A person other than a public officer or employee as defined herein, whether elected or commissioned or not, who is authorized by an agency head to incur travel expenses in the performance of his official duties. 2. A person who is called upon by an agency to contribute time and services as consultant or adviser.
[13] Section 112.061(2)(e)3., F.S. (1988 Supp.).
[14] See generally, Webster's Third New International Dictionary, Position p. 1769 (unabridged ed. 1981) (office, employment); The Random House Dictionary of the English Language, Position p. 1121 (unabridged ed. 1967) (a post of employment). And see, ss. 110.203(2) and 216.011(1)(cc), F.S. 1989, defining "[p]osition" as "the work, consisting of duties and responsibilities, assigned to be performed by an officer or employee." Cf., City and County of San Francisco v. Boyd, 110 P.2d 1036 (Cal. 1941), concluding that merely because an appointee renders services to a city does not place the appointee in a position or in an office with the city.