Mr. Ralph C. Dell Attorney, Hillsborough County Hospital Authority Post Office Box 2111 Tampa, Florida 33601
Dear Mr. Dell:
You ask on behalf of the Hillsborough County Hospital Authority substantially the following questions:
1. Is the Hillsborough County Hospital Authority, created by special act, authorized to lease the facilities of the authority to a not-for-profit Florida corporation for the purpose of operating and managing such facilities upon such terms and conditions as are determined by the hospital authority within the requirements of section 155.40(2), Florida Statutes.?
2. Do the provisions of the hospital authority's enabling legislation empower the hospital authority to enter into such a lease or is it necessary that such authorization be provided by enactment of another special act?
3. Does such a lease need to be competitively bid or can a private not-for-profit corporation be created solely for the transaction pursuant to section 155.40(2), Florida Statutes.?
4. Is the private not-for-profit corporation leasing the hospital facilities required to operate under the Government in the Sunshine Law and the Public Records Act?
5. May the hospital authority include in the terms of the operational lease that the private not-for-profit corporation fulfill all or part of the duties of the hospital authority?
6. May the employees of the private not-for-profit corporation operating the hospital facilities remain in the Florida Retirement System?
In sum:
1. The Hillsborough County Hospital Authority is authorized to lease the facilities of the authority to a not-for-profit Florida corporation for the purpose of operating and managing such facilities upon such terms and conditions as are determined by the hospital authority within the requirements of section 155.40(2), Florida Statutes.
2. Although created by special act, the Hillsborough County Hospital Authority is authorized by the provisions of section155.40(2), Florida Statutes, to enter into such a lease; the enactment of a special act authorizing the authority to enter into such a lease is not required.
3. Section 155.40(2), Florida Statutes, does not require a county hospital authority to competitively bid prior to entering into such a lease.
4. The applicability of the Government in the Sunshine Law or the Public Records Law to a not-for-profit Florida corporation will depend upon the powers and duties imposed upon the not-for-profit corporation under the lease agreement.
5. The hospital authority may transfer such duties and responsibilities related to the management and operation of the hospital facilities as authorized by section 155.40, Florida Statutes.
6. The determination as to whether employees of the not-for-profit corporation may participate in the Florida Retirement System is one which must be made by the Department of Administration which is charged with the administration of the state retirement system.
Questions One and Two
As your first and second questions are interrelated, they will be answered together.
The Hillsborough County Hospital Authority was created by special act[1] with all the powers of a body corporate.[2] In addition, the authority's enabling legislation grants the authority "all powers authorized by law to Hospital Facilities, or Hospital Districts, or Hospital Authorities, including those established or created under Chapters 154 and 155, Florida Statutes, as amended . . . ."[3]
Section 155.40(1), Florida Statutes, provides:
"In order that citizens and residents of the state may receive quality health care, any county, district, or municipal hospital organized and existing under the laws of this state, acting by and through its governing board, shall have the authority to reorganize such hospital as a not-for-profit Florida corporation, and enter into contracts with not-for-profit Florida corporations for the purpose of operating and managing such hospital and any or all of its facilities of whatsoever kind and nature; to enter into leases with a not-for-profit Florida corporation for the operating of such facilities so existing. The term of any such lease, contract, or agreement and the conditions, covenants, and agreements to be contained therein shall be determined by the governing board of such county, district, or municipal hospital."
As a county hospital authority created by special act, the Hillsborough County Hospital Authority clearly would appear to fall within section 155.40(1), Florida Statutes, which by its own terms applies to any county, municipal or district hospitals "organized and existing under the laws of this state." Such a conclusion is consistent with previous opinions of this office which applied section 155.40, Florida Statutes, to hospital districts and authorities created pursuant to special act.
For example, in Attorney General Opinion 84-87, this office concluded that the provisions of section 155.40, Florida Statutes, authorized the Highlands County Hospital District, created by special act as a special district, to lease the district's facilities to a private not-for-profit Florida corporation. Similarly, in Attorney General Opinion 85-31, this office stated that the provisions of section 155.40, Florida Statutes, were applicable to the Santa Rosa Hospital, Inc., created by special act as a separate county facility.
Pursuant to section 155.40(2), Florida Statutes, any such lease, contract or agreement made pursuant to the statute must:
"(a) Provide that the articles of incorporation of such not-for-profit corporation be subject to the approval of the board of directors or board of trustees of such hospital; (b) Require that the not-for-profit corporation become qualified under s. 501(c)(3) of the United States Internal Revenue Code; (c) Provide for the orderly transition of such facilities to not-for-profit corporation status; (d) Provide for the return of such facility to the county, municipality, or district upon the termination of such agreement or the dissolution of such not-for-profit corporation; and (e) Provide for the continued treatment of indigent patients pursuant to the Florida Health Care Responsibility Act and pursuant to chapter 87-92, Laws of Florida."
Accordingly, I am of the opinion that the Hillsborough County Hospital District, although created by special act, is authorized by section 155.40(1), Florida Statutes, to lease the facilities of the authority to a not-for-profit Florida corporation for the purpose of operating, and managing such facilities upon such terms and conditions as are determined by the hospital authority within the requirements of section 155.40(2), Florida Statutes.
Question Three
Section 155.40, Florida Statutes, in authorizing county, municipal or district hospitals to enter leases with not-for-profit Florida corporations, does not provide for or require the hospital to take competitive bids for the lease of its facilities. Moreover, I am not aware of, nor have you have brought to this office's attention, any other provision of state law which would require the hospital authority to take competitive bids.[4]
This office has previously stated that in the absence of a statutory requirement, a public body has no legal obligation to let a contract under competitive bidding or to award a contract to the lowest bidder.[5] I am, therefore, of the opinion that the Hillsborough County Hospital Authority is not required by section155.40, Florida Statutes, to competitively bid prior to entering into a lease pursuant to that section. Moreover, in the absence of a statute so requiring, the hospital authority is not required to competitively bid such a lease.
Question Four
The Government in the Sunshine Law applies to "any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision. . . ."[6] In interpreting section 286.011, Florida Statutes, the courts have stated that it was the intent of the Legislature to bind "every `board or commission' of the state, or of any county or political subdivision over which it has dominion and control."[7]
A private organization, however, which performs services for a public agency and receives compensation for such services is not by virtue of this relationship alone subject to the Sunshine Law.[8] In determining applicability, the key questions are whether there has been a delegation of the public agency's governmental or legislative functions or whether the private organization plays an integral part in the public agency's decision-making process.
In Campus Communications, Inc. v. Shands Teaching Hospital andClinics, Inc.,[9] the court relied on the lack of governmental control over the day-to-day operation of the nonprofit corporation in holding that a private nonprofit corporation organized solely for the purpose of operating a public hospital and ancillary public health care facilities was not a public agency for purposes of section 286.011, Florida Statutes.
Chapter 119, Florida Statutes, defines "agency" for purposes of the Florida Public Records Law, to include private corporations acting on behalf of any public agency.[10] As with the Sunshine Law, merely contracting with a public agency does not subject a private corporation to the Public Records Law.[11] Instead, it is necessary to review the factors relating to the responsibilities, organization and funding of the private entity in their totality and not in isolation.[12] Among the most significant considerations in determining the applicability of Chapter 119, Florida Statutes, to a private organization is whether the private entity has been delegated any governmental responsibilities and functions or is participating in the decisional process.
For example, a volunteer fire department entrusted with the sole responsibility for fire fighting, funded in part with public funds, and authorized to conduct its activities on public property was found by one court to be subject to the terms of Chapter 119, Florida Statutes.[13] In Campus Communications, Inc. v. ShandsTeaching Hospital and Clinics, Inc., supra, however, the district court concluded that due to the lack of day-to-day control exercised by the public agency, the private non-profit corporation operating the hospital was not "a unit of government or private entity acting on behalf of any public agency for purposes of the Public Records Law."[14]
Accordingly, the applicability of the Government in the Sunshine Law and the Public Records Law to the private not-for-profit organization leasing the facilities of a county hospital pursuant to section 155.40, Florida Statutes, would appear to depend upon the powers and duties imposed upon the not-for-profit corporation under the terms of the lease agreement.
Question Five
You have not directed this office's attention to any particular duty of the Hillsborough County Hospital Authority which might be performed by the not-for-profit Florida corporation under the terms of the lease. Therefore, my comments must be general in nature.
Section 155.40(1), Florida Statutes, authorizes a county, municipal or district hospital to reorganize as a not-for-profit Florida corporation and to enter into contracts with other not-for-profit Florida corporations for the purpose of operating and managing such hospital. Alternatively, the public hospital is authorized to enter into a lease with a not-for-profit Florida corporation for the operation of such facilities so existing. As set forth in Questions One and Two, section 155.40(2), Florida Statutes, requires that any such lease, contract or agreement contain certain provisions.
This office has previously stated that a hospital district as a creature of statute, possesses only such powers as have been expressly granted or necessarily implied therefrom.[15] Moreover, an express direction as to how a thing should be done is an implied prohibition of its being done in any other manner.[16]
Accordingly, if the hospital authority reorganizes as a not-for-profit Florida corporation, it may enter into a contract with a not-for-profit Florida corporation for the operation and management of the hospital facilities. Alternatively, the hospital authority is empowered to enter into a lease with a not-for-profit Florida corporation for the operation of existing facilities. Any such lease, contract or agreement, however, must comply with the provisions of section 155.40, Florida Statutes, and in particular, the requirements of section 155.40(2), Florida Statutes.[17]
Thus, to the extent that the hospital authority's duties specified in its enabling legislation relate to the operation and/or management of such facilities, it appears that such duties and responsibilities may be delegated to the not-for-profit corporation in accordance with the provisions of section 155.40, Florida Statutes.
Question Six
In light of the responsibilities of the Division of Retirement, Department of Administration regarding the administration of Chapter 121, Florida Statutes, the Florida Retirement Systems Act, any question regarding its application should be addressed to that department.[18]
Sincerely,
Robert A. Butterworth Attorney General
[1] See, Ch. 80-510, Laws of Florida, as amended by Chs. 82-299, 82-300, 84-439, 84-441 and 84-449, Laws of Florida.
[2] See, s. 6, Ch. 80-510, Laws of Florida.
[3] Id.
[4] Compare, s. 125.35, Fla. Stat., authorizing the board of county commissioners to lease real property belonging to the county, whenever the board determines it to be in the best interest of the county, to the highest and best bidder for the particular use the board deems to be the highest and best.
[5] See, e.g., Op. Att'y Gen. Fla. 78-39 (1978) (airport authority possesses authority to lease its facilities but in the absence of a statute so requiring, is not required to submit the proposed lease to competitive bidding), and Op. Att'y Gen. Fla. 78-122 (1978) (sheriff, in absence of statutory requirement for competitive bidding, is not required to enter into competitive bidding). And see, William A. Berbusse, Jr., Inc. v. North BrowardHospital District, 117 So.2d 550 (Fla. 2d DCA 1960).
[6] Section 286.011(1), Fla. Stat.
[7] Times Publishing Company v. Williams, 222 So.2d 470, 473
(Fla. 2d DCA 1969).
[8] See, e.g., McCoy Restaurants, Inc. v. City of Orlando,392 So.2d 252 (Fla. 1980). Accord, Op. Atty Gen. Fla. 78-161 (1978) stating that the existence of a contract between a private nonprofit corporation and a district mental health board to provide mental health services does not, in itself, constitute a delegation of the district board's governmental or legislative powers to the nonprofit corporation. And see, Op. Att'y Gen. Fla. 78-24 (1978) (meetings of a nonprofit hospital corporation are not subject to s. 286.011 by virtue of lease agreement between private corporations and public agency).
[9] 512 So.2d 999 (Fla. 1st DCA 1987).
[10] See, s. 119.011(2), Fla. Stat., defining "agency" as:
"[A]ny state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation or business entity acting on behalf of any public agency."
[11] See, Parsons Whittemore, Inc. v. Metropolitan DadeCounty, 429 So.2d 343 (Fla. 3d DCA 1983).
[12] See, Schwartzman v. Merritt Island Volunteer FireDepartment, 352 So.2d 1230 (Fla. 4th DCA 1977), cert. denied,358 So.2d 132 (Fla. 1978).
[13] Id. And see, Shevin v. Byron, Harless, Schaffer, Reid andAssociates, Inc., 379 So.2d 633 (Fla. 1980) (consultant conducting employment search of applicants for position of managing director of municipal electric authority); Fritz v.Norflor Construction Company, 386 So.2d 899 (Fla. 5th DCA 1980) (engineering corporation performing services for the city as city engineer relating to the water treatment plant).
[14] 512 So.2d at 1000. The court in Campus Communications
relied on an earlier decision, Shands Teaching Hospital andClinics, Inc. v. Lee, 478 So.2d 77 (Fla. 1st DCA 1985), which had used the public agency's lack of control over Shands' day-to-day operations to hold that Shands was not a corporation primarily acting as an instrumentality or agency of the state.
[15] See, e.g., Op. Att'y Gen. Fla. 84-87 (1984), and authorities cited therein.
[16] See, Alsop v. Pierce, 19 So.2d 799 (Fla. 1944). And see,Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1973) (express mention of one thing implies the exclusion of those not mentioned).
[17] See, Jess Parrish Memorial Hospital, Inc. v. City ofTitusville, 506 So.2d 22, 24 (Fla. 5th DCA 1987), in which the court held that the divestment of title to the district's land by the hospital district to the not-for-profit corporation was a voidable act: "[T]he statute does not permit divestment of the title to the land by the district." And see, Op. Att'y Gen. Fla. 84-87 (1984) concluding that s. 155.40 did not authorize the hospital district to lease district facilities to a private for profit corporation.
[18] See, s. 121.031, Fla. Stat. And see, Department of Legal Affairs "when an opinion request is received on a question falling within statutory jurisdiction of some other state agency, the request will either be transferred to that agency or the requesting party will be advised to contact the other agency."