William G. O'Neill City Attorney City of Williston
QUESTION:
1. May the City of Williston lease its municipal hospital to a private, for-profit corporation or contract with such a corporation to operate the municipal hospital?
2. May the City of Williston sell the municipal hospital to a private, for-profit corporation?
SUMMARY:
1. The City of Williston may not lease its hospital to a private for-profit corporation, nor may it contract with a for-profit corporation for the operation of the facility.
2. Under its home rule power, the city may dispose of surplus municipal property and, therefore, may dispose of the hospital facilities if it determines such facilities are no longer needed for municipal purposes or use. However, absent such a determination that the property is surplus and no longer needed to provide hospital services to the public, the city may not transfer its responsibilities to a for-profit corporation by selling the assets of the hospital.
Since your questions are interrelated, they will be addressed together.The City of Williston is authorized to "acquire, own or operate a hospital within the corporate limits of the City of Williston for the treatment of the sick and afflicted, and may levy from time to time such tax as may be necessary for the maintenance, upkeep, running and operation of the same . . . ."[1]
The governing body of the hospital is a board of trustees with all powers of a body corporate.[2] These powers include the authority to "acquire, purchase, hold, lease, mortgage and convey such real and personal property as the board may deem proper or expedient to carry out the purpose of this act. . . ."[3] The board, with the concurrence of the city council, is authorized to establish, construct, lease, operate, and maintain any hospital or clinic necessary for the use of the people of Williston. Any such hospital or clinic is for the public good and for the use of the people of the city and is specifically found to have a public purpose.[4]
Section 155.40(1), F.S., in pertinent part, provides:
 In order that citizens and residents of the state may receive quality health care, any county, district, or municipal hospital organized and existing under the laws of this state, acting by and through its governing board, shall have the authority to reorganize such hospital as a not-for-profit Florida corporation, and enter into contracts with not-for-profit Florida corporations for the purpose of operating and managing such hospital and any or all of its facilities of whatsoever kind and nature; to enter into leases with a not-for-profit Florida corporation for the operating of such facilities so existing. The term of any such lease, contract, or agreement and the conditions, covenants, and agreements to be contained therein shall be determined by the governing board of such county, district, or municipal hospital. (e.s.)
This statute authorizes a municipal hospital to reorganize as a not-for-profit Florida corporation and to enter into contracts with other not-for-profit Florida corporations for the purpose of operating and managing the hospital. The reorganized municipal hospital may also enter into a lease with a not-for-profit corporation for the operation and management of such hospital. There is no authorization, however, for the public hospital or reorganized not-for-profit hospital to enter into a lease or management agreement with, or to sell the real or personal property of the hospital to, a for-profit corporation.
In AGO 84-87, this office considered whether a hospital district was authorized to lease district facilities to a private corporation for purposes of operating, managing, and maintaining the hospital facilities. Based upon the provisions in s. 155.40, F.S.,[5] it was concluded that "[w]ith respect to the authority of the district board to lease district facilities to a private for profit corporation, the rule expressio unius estexclusio alterius compels the conclusion that these statutory provisions do not authorize the board to enter into a lease with a private for profit corporation . . . ."[6] Likewise in AGO 85-31, this office concluded that a county hospital which had reorganized as a not-for-profit hospital pursuant to s.155.40, F.S., was not authorized to enter into a management agreement with, or lease the hospital to, a for-profit corporation or to sell the personal property of the hospital to such for-profit corporation.[7]
The legislation empowering the City of Williston to own and operate a hospital does not authorize the leasing of the hospital to a for-profit corporation, nor does it allow the city to con-tract with a for-profit corporation to operate the hospital. While the board of trustees of the hospital is authorized to convey real and personal property as it deems proper or expedient, it may only do so to carry out the purpose of the act, i.e. to provide a hospital for the public. The city, however, under its home rule power, has the authority to dispose of surplus municipal property no longer needed for municipal use or purpose.
Should the city make the determination the hospital is no longer needed for a municipal or public purpose, it may dispose of it by surplusing the real and personal property of the hospital and selling such property pursuant to any procedures prescribed by the city's charter or applicable codes or ordinances. Absent such a determination, however, it does not appear that the city may transfer the operation of the hospital by selling it to a private, for-profit corporation.[8]
Thus, the City of Williston may reorganize the hospital as a not-for-profit Florida corporation and enter into contracts with a not-for-profit Florida corporation for the purpose of operating and managing the hospital or to enter into a lease with a not-for-profit Florida corporation for the operation of such facilities pursuant to s. 155.40, F.S.
[1] Section 11.01, Art. XI, Ch. 78-624, Laws of Florida.
[2] Sections 11.03 and 11.05, Art. XI, Ch. 78-624, Laws of Florida.
[3] Section 11.05, Art. XI, Ch. 78-624, Laws of Florida.
[4] Section 11.06, Art. XI, Ch. 78-624, Laws of Florida.
[5] In addition to s. 155.40(1), F.S., s. 155.40(2), F.S., provides:
Any such lease, contract, or agreement made pursuant hereto shall: (a) Provide that the articles of incorporation of such not-for-profit corporation be subject to the approval of the board of directors or board of trustees of such hospital; (b) Require that the not-for-profit corporation become qualified under s. 501(c)(3) of the United States Internal Revenue Code; (c) Provide for the orderly transition of such facilities to not-for-profit corporation status; (d) Provide for the return of such facility to the county, municipality, or district upon the termination of such agreement or the dissolution of such not-for-profit corporation; and (e) Provide for the continued treatment of indigent patients pursuant to the Florida Health Care Responsibility Act and pursuant to chapter 87-92, Laws of Florida.
(3) The articles of incorporation of such not-for-profit corporation may provide for the abolishment of the existing governing board of the hospital and the establishment of a new board.
[6] Citing, Dobbs v. Sea Isle Hotel, 56 So.2d 341
(Fla. 1952); Interlachen Lakes Estates, Inc. v. Snyder,304 So.2d 433 (Fla. 1973); Ideal Farms Drainage District v. Certain Lands,19 So.2d 234 (Fla. 1944). And see, Alsop v. Pierce,19 So.2d 799 (Fla. 1944), holding that the expression as to how a thing shall be done is in effect a prohibition against its being done in any other manner.
[7] See also, AGO 82-44, in which this office concluded that the legislation creating and empowering the Holmes County Hospital Corporation did not expressly or by implication authorize it to lease its facilities to a private corporation for the purpose of managing and operating the facility.
[8] Cf., Jess Parrish Memorial Hospital, Inc. v. City of Titusville, 506 So.2d 22 (5 D.C.A. Fla., 1987), in which the court held that the divestment of title to the district's land by the hospital district to the not-for-profit corporation was a voidable act, in that s. 155.40, F.S., does not permit the divestment of the title to the land by the district.