The Honorable Brad King State Attorney Fifth Judicial Circuit 19 Northwest Pine Avenue Ocala, Florida 34475
Dear Mr. King:
You ask the following questions:
1. Does the Government in the Sunshine Law apply to Board of Directors meetings of the Big Sun Healthcare Systems, Inc., a not-for-profit corporation that has entered into an agreement with the Marion County Hospital District to manage and operate the district hospital facilities?
2. Does the Government in the Sunshine Law apply to Big Sun director subcommittee meetings conducted in accordance with the Sunshine Law exception provision of the agreement?
In sum:
1. The Government in the Sunshine Law applies to meetings of the Board of Directors of the Big Sun Healthcare Systems, Inc.
2. The Government in the Sunshine Law applies to director subcommittee meetings of Big Sun Healthcare Systems, Inc.
The Marion County Hospital District (district) was created by special act of the Legislature. You state that one of the primary purposes of the district is to own and operate, directly or indirectly, the Munroe Regional Medical Center to provide quality and affordable hospital and health care services to the citizens of Marion County. The district is governed by a seven member board of trustees.
Since 1984, the Big Sun Healthcare Systems, Inc. (Big Sun), a Florida not-for-profit corporation, has entered into a series of agreements with the district to lease and manage the district's hospital facilities pursuant to the terms of the agreements. The current agreement, executed in April 1994, is for a minimum lease term of five years. You state that your office is of the opinion that the meetings of the board of directors of Big Sun and the meetings of the board of directors subcommittees are subject to the requirements of the Government in the Sunshine Law as a matter of law. I concur in that conclusion.
Question One
The Government in the Sunshine Law, section 286.011, Florida Statutes, requires that meetings of a public board or commission at which official acts are to be taken are to be open to the public. The statute has been held to extend to the discussions and deliberations of, as well as formal action taken by, a public board or commission.[1] In interpreting the Government in the Sunshine Law, the courts have stated that it was the intent of the Legislature to bind "every `board or commission' of the state, or of any agency or political subdivision over which it has dominion and control."[2]
A private organization, however, that performs services for a public agency and receives compensation for such services is not by virtue of that relationship alone subject to section 286.011, Florida Statutes. The courts have generally considered whether there has been a delegation of the public agency's governmental or legislative functions or whether the private organization plays an integral part in the public agency's decision-making process.[3]
This office, for example, has stated that meetings of a private nonprofit corporation are not subject to section 286.011 by virtue of a lease agreement between the private corporation and the public agency.[4]
Section 155.40, Florida Statutes, provides in part that any county, district, or municipal hospital organized and existing under the laws of this state shall have the authority to enter into a lease with a not-for-profit Florida corporation for the operating of such facilities. Any such lease shall:
(a) Provide that the articles of incorporation of such not-for-profit corporation be subject to the approval of the board of directors or board of trustees of such hospital; (b) Require that the not-for-profit corporation become qualified under s. 501(c)(3) of the United States Internal Revenue Code; (c) Provide for the orderly transition of such facilities to not-for-profit corporation status; (d) Provide for the return of such facility to the county, municipality, or district upon the termination of such agreement or the dissolution of such not-for-profit corporation; and (e) Provide for the continued treatment of indigent patients pursuant to the Florida Health Care Responsibility Act and pursuant to chapter 87-92, Laws of Florida.[5]
In Attorney General Opinion 89-52, this office stated that the determination of whether a private not-for-profit corporation leasing hospital facilities from a hospital authority pursuant to section 155.40, Florida Statutes, was subject to the Sunshine Law depended upon the powers and duties imposed on the corporation by the terms of the lease agreement.
In State ex rel. Baker County Press, Inc. v. Baker County Medical Services, Inc.,[6] a circuit court judge concluded that the Sunshine Law did not apply to a nonprofit corporation leasing facilities from a public hospital authority. The court examined a number of factors involved in the lease relationship. The court, however, determined that the corporation's board of directors was a separate board entirely distinct from the hospital authority. The authority had no power to appoint members to the corporation's board nor were any of the members of the hospital authority on the new corporation's board.
The Articles of Incorporation for Big Sun provide that the corporation shall be governed by a fifteen member board of directors.[7] The seven members of the board of trustees of the hospital district constitute seven members of the board of directors. The removal, resignation, or termination of a member of the district's board of trustees "shall effect immediately a removal from membership of the Board of Directors of the Corporation [Big Sun]."[8]
The remaining eight directors of the Big Sun are chosen by the other members of the board of directors, subject to confirmation by the Marion County Board of County Commissioners. The hospital district's governing board members, solely because they are members of the district's board of trustees, constitute 7/15 of Big Sun's board of directors and are instrumental in selecting the other eight members of the board of directors. Thus, the members of the district board of trustees would appear to exercise substantial control over the corporation and to be involved in its day-to-day operation by virtue of their membership and the membership of their appointees on the corporation's governing body.
Moreover, Big Sun's Articles of Incorporation expressly provide:
Open Board Meetings
The Corporation is committed to public involvement in and awareness of its affairs and in connection therewith agrees to conduct all meetings of its Board of Directors in accordance with and subject to those same notice and open meeting requirements adhered to by the Marion County Hospital District.[9]
In light of the above, I am of the opinion that section 286.011, Florida Statutes, applies to the board of directors meetings of the Big Sun Healthcare Systems, Inc.
Question Two
Section 13.7 of the lease agreement sets forth procedures for exempting certain subject matters from open meeting requirements.
Subsection (B) sets forth subject areas of the corporation's operations under the lease "which may be excepted from notice and open meetings requirements and may be referred to a Director subcommittee upon which not more than one District Trustee shall serve. . . ." Subsection (C) adopts procedures to "facilitate the referral of matters to Director subcommittees of Lessee which may then be considered by subcommittees outside the notice and open meeting requirements."
As discussed in Question One, the Articles of Incorporation for the corporation expressly provide that the meetings of the corporation's board of directors shall be open to the same extent as required of the hospital district's board of trustees. The corporation's bylaws state that "[a]ll of the business and affairs of the Corporation shall be managed by the Board [of Directors]." The board, however, may delegate its authority to the officers and one or more board committees, to the extent permitted by law.[10]
Thus, under the Articles of Incorporation and the Bylaws of Big Sun, the business of the corporation is to be managed by the board of directors whose meetings are open to the public. Although the Articles of Incorporation do not refer to director committees, the bylaws recognize the creation of such committees (or subcommittees) exercising the delegated power of the board of directors.
While the board of directors may delegate certain of its powers to committees or subcommittees, such authority to delegate does not permit the board to avoid its obligations under the Sunshine Law. Accordingly, while committees and subcommittees may, to the extent authorized by the board in accordance with law and the corporation's articles of incorporation and bylaws, exercise certain powers of the board of directors, such committees may not, by such delegation, avoid the open meetings requirement placed upon the board.[11]
Accordingly, I am of the opinion that section 286.011, Florida Statutes, applies to the director subcommittee meetings of the Big Sun Healthcare Systems, Inc.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, e.g., Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2d DCA 1969).
[2] Id.
[3] See, e.g., McCoy Restaurants, Inc. v. City of Orlando,392 So.2d 252 (Fla. 1980).
[4] See, e.g., Ops. Att'y Gen. Fla. 78-24 (1978). Cf., Campus Communications, Inc. v. Shands Teaching Hospital and Clinics, Inc., 512 So.2d 999 (Fla. 1st DCA 1987).
[5] Section 155.40(2), Fla. Stat. (1993).
[6] Case No. 93-559-CA (8th Jud. Cir. Baker Co., February 9, 1994).
[7] Article VII, s. 7.1, Articles of Incorporation of Big Sun Healthcare Systems, Inc.
[8] Id. at s. 7.2.
[9] Article XI, Art. of Incorp. And see, Art. III, s. 3.7, Bylaws of Big Sun Healthcare Systems, Inc.
[10] Article III, s. 3.1, Bylaws of Big Sun.
[11] Cf., Op. Att'y Gen. Fla. 74-294 (1974), stating that when a board or commission subject to the Sunshine Law delegates its authority to act to a single individual, that individual's discussions are subject to s. 286.011; Op. Att'y Gen. Fla. 84-54 (1984); Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974), holding that advisory boards created by a board or commission subject to s. 286.011 to make recommendations are subject to the Sunshine Law.